IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARK R. CUKER and GERALD J. WILLIAMS, <br> *Plaintiffs,* | : <br> : <br> : | |
| v. | : | CIVIL NO. 24-0471 |
| ESTHER E. BEREZOFSKY, <br> *Defendant.* | : <br> : <br> : | |

Scott, J.                                                                                                    March 18, 2025

## MEMORANDUM

Plaintiffs Mark R. Cuker and Gerald J. Williams move this Court to confirm the final award arising from an arbitration proceeding or, in the alternative, for summary judgment. ECF No. 6. Defendant Esther E. Berezofsky cross moves this Court to vacate or modify the final arbitration award or, in the alternative, for summary judgment. ECF No 9. Additionally, Plaintiffs Cuker and Williams have moved for Rule 11 sanctions against Defendant Berezofsky. ECF No. 10. The Motion, Cross-motion, and Motion for Sanctions are fully briefed and ripe for disposition.

For reasons stated below, this Court grants Plaintiffs' Motion to confirm the final arbitration award, denies Defendant's Cross-motion to vacate or modify the final arbitration award, and denies Plaintiffs' Motion for Rule 11 sanctions.

## I. BACKGROUND

The Parties owned and operated the law firm of Williams, Cuker and Berezofsky until they agreed to disband the firm and divvy up cases and any subsequent fees earned from those cases as memorialized in a 2017 Dissolution Agreement. ECF 5 ¶¶ 8-10; ECF No. 9-4 (Dissolution Agreement). As a general matter, the Parties agreed to divide any subsequent fees earned for their shared cases into thirds. ECF No. 9-4 at 1. Presciently, and no doubt due to being experienced lawyers, the Parties also contracted for a provision in the Dissolution Agreement that lays out the procedure to resolve any disputes over such fees. ECF 9-4 § 28 ("Dispute Resolution"). As required by that procedure, several disputes went to private arbitration before a panel of three arbitrators (the "Panel"). One arbitrator was selected by Plaintiffs, one by Defendant, and a third selected by the other two arbitrators. ECF 9-4 § 28(d). Two members of the arbitrational panel were "very experienced trial attorneys" and the third was a former justice of the Pennsylvania Supreme Court. ECF 6-1 at 5.

The Parties compiled a detailed record for the Panel's review, including pre-arbitration briefing. There were also five days of evidentiary hearings and testimony, one day of oral argument, and post-trial briefing. ECF No. 6-1 at 2. At one point during the evidentiary hearings and testimony, Defendant sought to elicit testimony regarding the settlement and fees earned therefrom in the Hoosick Falls matter ("Hoosick Falls"), but the Panel sustained objections to bar that testimony, reasoning that Hoosick Falls was not properly before the Panel under the procedures outlined in the Dissolution Agreement. ECF No. 5 ¶ 52; ECF 10-17 at 108:9-24 (Panel

stating that Hoosick Falls "is not a claim that's before us with any particularity . . . [T]he dissolution agreement does require that you mediate before you arbitrate . . . [N]obody's taken real evidence on this, so I think it's hard for the panel to make a decision.").

On January 30, 2024, the Panel issued a three-page award letter that explained to the Parties the final arbitration award and its findings in support of that award. ECF No. 5 at 6-9, ECF 1, Ex. A (final arbitration award letter). The award letter clearly states that the Panel's findings and ultimate award are based on the written submissions of the parties, the evidence and testimony gathered from the five days of hearings, and from oral argument on January 8, 2024. ECF, Ex. A at 1(stating that the entry of the final award is based on the Panel's consideration of "testimony for five days on September 27, 28, 29, November 2 and 3, and after hearing oral argument on January 8, 2024, and having reviewed the written submissions of the parties"). The Panel made three findings that Defendant seeks to vacate or modify. First, regarding the Medtronic Pain Pump matter ("Medtronic"), the Panel awarded Plaintiffs $206,841.50. Second, as to the Benicar matter ("Benicar"), the Panel awarded Plaintiffs $134,166.67 as well as eighty percent of the interest earned on those funds while in escrow. To effectuate the Benicar award, the Panel also required the Parties to "jointly instruct the Benicar fee committee forthwith to pay all those escrow funds, and interest thereon, as stated herein." ECF 1, Ex. A at 2. Third, the Panel ordered each party "to pay its own fees and costs of this Arbitration." ECF 1, Ex. A at 2. Fourth, and although not strictly a finding of the Panel, Defendant asks the Court to vacate or modify the arbitration award because the Panel refused to hear evidence on Hoosick Falls and because the Plaintiffs purportedly concealed relevant information about Hoosick Falls from the Panel. See, e.g., ECF 5 ¶¶ 58-59.[1]

---

[1] Defendant's Cross-Motion to vacate or modify the award originally included a disparagement claim, but Defendant later withdrew that claim. *See* ECF 9-1 ¶ 70.

On March 14, 2024—two days after Defendant filed her Cross-Motion and her response to Plaintiffs' Motion and twelve days before Plaintiffs filed their response to Defendant's Cross-Motion—Plaintiffs chose to move for Rule 11 Sanctions, essentially arguing that Defendant's Cross-Motion and opposition to Plaintiffs' Motion amounts to frivolous argument. ECF No. 10. Defendant filed her opposition to the sanctions motion on March 28, 2024. ECF No. 12.

## II. LEGAL STANDARD

### A. Motion to Confirm, Vacate, or Modify Arbitration Award

Courts review arbitration awards with a high level of deference to an arbitration panel's decisions and factual findings. *CITGO Asphalt Ref. Co. v. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union Loc. No. 2-991*, 385 F.3d 809, 815 (3d Cir. 2004). This high level of deference instructs courts to leave undisturbed arbitration awards that even contain factual mistakes, contractual misinterpretations, or failures to explain the reasons for an arbitration award. *CITGO Asphalt*, 385 F.3d at 815 (noting that factual mistakes and contractual misinterpretations are not bases to vacate or modify an arbitration award); *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960) ("Arbitrators have no obligation to the court to give their reasons for an award."). As a corollary to the "strong presumption under the Federal Arbitration Act in favor of enforcing arbitration awards," *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 239 (3d Cir. 2005), *as amended* (Mar. 17, 2005), a district court may vacate an award only "in exceedingly narrow circumstances," *France v. Bernstein*, 43 F.4th 367, 377 (3d Cir. 2022), which are enumerated in the FAA as follows:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4).

Defendant argues that the manifest disregard of law is a fifth ground upon which to vacate the arbitration award. ECF No. 9-2 at 6-11. Manifest disregard of law is a judicially-created doctrine used "only in those exceedingly rare circumstances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the [vacatur] provisions of the FAA apply." *Black Box Corp. v. Markham*, 127 Fed. Appx. 22, 25 (3d Cir. 2005) (internal quotation marks and citation omitted). Defendant "bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." *Id.* (quoting *Duferco Int'l Steel Trading v. T Klavness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)).[2]

### B. Motion for Sanctions

Federal Rule of Civil Procedure 11 permits the Court to sanction an attorney or party for submissions that, *inter alia*, are presented for "any improper purpose" or that make frivolous

---

[2] As other have observed, the Third Circuit has yet to weigh in on whether the manifest disregard of law is still viable in light of the Supreme Court's holding that "§§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification." *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008); *see also Jai Sai Baba LLC v. Choice Hotels Int'l, Inc.*, 2024 WL 4731006, at *1 n.1 (E.D. Pa. Mar. 4, 2024) (observing same); *but see StoneMor, Inc. v. International Brotherhood of Teamster, Local 469*, 107 F.4th 160, 161 (3d Cir. 2024) (vacating an arbitration award where the "arbitrator evidenced a manifest disregard for the underlying collective bargaining agreement" where the arbitrator effectively ignored the operative grievance provision). This Court need not confront this issue directly, however, because even if manifest disregard of the law were an independent basis to vacate or modify the arbitration award, Defendant fails to meet it.

arguments. *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). In deciding whether to impose sanctions under Rule 11, "courts must apply an objective standard of reasonableness under the circumstances." *Mary Ann Pensiero v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988). The standard for imposing sanctions is understandably "stringent" and sanctions, including fees, are warranted "only in the 'exceptional circumstance,' where a claim or motion is patently unmeritorious or frivolous." *Id.* (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)). Although Rule 11 permits fee shifting to compensate attorneys for the reasonable expenses incurred because of the filing, the rule's primary purpose is to deter abuse of the legal system and other undesirable behavior. *Gaiardo*, 835 F.2d at 482.

### III.   DISCUSSION

#### A. Petition to Confirm and Counterpetition to Vacate or Modify

Defendant seeks vacatur or modification of the arbitration award on three of the four grounds permitted by the FAA, in addition to arguing that the Panel's award is in manifest disregard of the law. ECF 5 ¶¶ 37-44.

Regarding Benicar, Defendant argues that the Panel misallocated fees among the Parties. ECF No. 5 ¶ 69. The Panel divided the initial Benicar award of $100,000 into thirds among Cuker, Williams, and Berezofsky and awarded the entirety of the "supplemental Benicar award," totaling $67,500, to Plaintiffs Cuker and Williams, presumably agreeing with Plaintiffs' argument that their work alone, and not Defendant Berezofsky's, resulted in the supplemental award. *See* ECF 1, Ex. 1 at 2; ECF 6-28 at 14. Defendant instead suggests that the Panel should have divided the entirety of the $167,500 into thirds among Cuker, Williams, and Berezofsky. ECF 9-2 at 8-9. In fashioning this award, the Panel purportedly "exceeded [its] powers, [and] so imperfectly executed [its] powers that a mutual, final and definite award upon the subject matter was not made, and [that] the Award was completely irrational," all of which, Defendant argues, merits vacatur under

9 U.S.C. § 10(a)(4). ECF No. 5 ¶ 68; *see also Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 295 ("The 'irrationality' standard comes from the fourth ground, the 'exceeded their powers' provision.").

In the Medtronic matter, Defendant argues that the Panel miscalculated the allocation of fees, concluding that the Panel's award merits vacatur under 9 U.S.C. § 10(a)(4). ECF No. 5 ¶ 78. Defendant's main assertion is that the Panel used the wrong lodestar in calculating fees. ECF No. 9-2 at 7. Additionally, Defendant seeks vacatur because the Panel manifestly disregarded the law by awarding Plaintiffs legal fees for cases in which Plaintiffs "could not participate in fee recovery because of the absence of signed contingency agreements." ECF No. 9-2 at 10-11.

Separately, regarding the allocation of the fees and costs of the arbitration proceeding, Defendant argues that the Panel misinterpreted the Dissolution Agreement, dividing the fees and costs 50% between the parties instead of into thirds among the two Plaintiffs and one Defendant. ECF No. 5 ¶ 97-98. Defendant repeats verbatim the same paragraph as in the Benicar and Medtronic sections, arguing that the Panel's award merits vacatur under 9 U.S.C. § 10(a)(4). ECF No. 5 ¶ 101.

Finally, as it relates to the Hoosick Falls matter, Defendant argues that Plaintiffs concealed the amount of money already received in this matter, and that the arbitration award was "procured by corruption, fraud, or undue means" in violation of 9 U.S.C. § 10(a)(1). ECF No. 5 ¶ 58. Defendant also argues that the "Panel's refusal to hear evidence pertinent and material to the [Hoosick Falls] controversy" merits vacatur under 9 U.S.C. § 10(a)(3). ECF No. 5 ¶ 59.

None of Defendant's arguments convinces this Court that vacatur or modification is appropriate. For the Benicar, Medtronic, and fees and costs of arbitration claims under 9 U.S.C. 10(a)(4), Defendant's arguments boil down to disagreements about the calculations or ultimate

quantum of the award. These sorts of disagreements fall far short of what's needed to overcome the "strong presumption" in favor of enforcing arbitration awards. *France*, 43 F.4th at 377; *Anoruo v. Tenet HealthSystem Hahnemann*, 697 Fed. Appx. 110, 112 (3d Cir. 2017) ("[M]ere disagreement with the [Panel's] findings and conclusions . . . is not a proper basis on which to vacate an arbitration award."). This Court is not convinced that the Panel made an error at all. But the Panel's accuracy is largely beside the point because "[e]ven where the court is convinced that the arbitrator has committed serious error, the award must be enforced unless there is absolutely no support at all in the record justifying the arbitrator's determinations." *PPT Research, Inc. v. Solvay USA, Inc.*, 2024 WL 3445012, at *3 (internal quotation marks and citation omitted); *see also Ario*, 618 F.3d at 295-96 ("[T]here must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award."). Here, there is clear support in the record to justify the Panel's determinations, taken from the five-day period of testimony and evidentiary hearings, the written submissions of the parties, and one day of oral argument.

    Defendant's argument that the Medtronic award constitutes a manifest disregard of law does not pass muster. Defendant cites, as the supposedly clear legal principle, that "it would be contrary to public policy and unethical for Plaintiffs to participate in legal fees recovered on behalf of clients for whom Plaintiffs had not been retained nor had signed contingency fee agreements." ECF 9-2 at 7. In support, Defendant cites generic rules of Professional Conduct that stand for the proposition that attorneys *who represent clients* on contingency matters must have signed contingent fee agreements. ECF 9-2 at 9. But these rules and the implicit public policy rationale behind them say nothing about whether fees earned from such agreements may be distributed among different lawyers in an arbitration proceeding. The lone, out-of-circuit case cited as

support, *In re Bard IVC Filters Prod. Liability Litig.*, 81 F.4th 897, 906 (9th Cir. 2023), is inapposite because it only addresses "the narrow question of the district court's authority to order common benefit fund assessments from plaintiffs' recoveries in non-MDL cases." This case does not establish the "clear legal principle" for which Defendant cites it; it mentions fee agreements only in passing; and it is silent on whether the existence of such fee agreements preclude an arbitration award. Because Defendant has not met its burden to show the existence of a "clearly defined governing legal principle," *Black Box Corp.*, 127 Fed. Appx. at 25, much less that the Panel ignored it, Defendant has failed to establish that there exists a manifest disregard of law.[3]

Defendant's arguments seeking vacatur under § 10(a)(1) and § 10(a)(3) in the Hoosick Falls matter fail at the outset. Nothing in the Final Award Letter mentions Hoosick Falls, which means that, even if Defendant's arguments here were successful, there is nothing in the award regarding Hoosick Falls to vacate or modify. ECF 1, Ex. A. And the reason why Hoosick Falls goes unmentioned is clear: the Panel stated that the Hoosick Falls was not properly before it according to the procedure that the Parties agreed to in the Dissolution Agreement. ECF 5 ¶ 52; ECF 10-17 at 108:9-24. This Court cannot and will not vacate or modify an arbitration award for something that was not even arbitrated.

Relatedly, there cannot be "corruption, fraud, or undue means" to vacate under 9 U.S.C. § 10(a)(1) if the alleged fraud, namely Plaintiffs deceiving the Panel about the money received in Hoosick Falls so far, did not affect the outcome of the award. And it is clear that Hoosick Falls did not affect the outcome of the award because the Panel stated that the Hoosick Falls dispute

---

[3] Defendant filed a Notice of Supplemental Authority, ECF No. 15, to notify this Court of the Third Circuit's decision in *StoneMor, Inc. v. International Brotherhood of Teamsters, Local 469*, 107 F.4th 160 (3d Cir. 2024). *StoneMor* is not helpful to Defendant's argument. At most, it stands for the proposition that the manifest disregard of law, under certain circumstances, can be a basis to vacate an arbitration award. *StoneMor* does nothing to establish the legal principle that Defendant relies, especially for purposes of vacating or modify an arbitration award.

was not before it. Similarly, the Panel did not commit any misconduct sufficient to justify vacatur by refusing to hear Hoosick Falls in violation of 9 U.S.C. § 10(a)(3). Defendant did not suffer "procedural unfairness" or "fundamental unfairness" regarding the Panel's refusal to hear Hoosick Falls because Defendant, according to the Panel, had not yet mediated the Hoosick Falls dispute, which contravenes the Dissolution Agreement's procedural requirement that Parties must mediate before they arbitrate. ECF 10-17 at 108:9-24.

Only exceptional circumstances warrant vacatur or modification. Those exceptional circumstances are absent here.

### B. Motion for Rule 11 Sanctions

Plaintiffs have moved for Rule 11 sanctions against Defendant. Although both Parties largely use the sanctions motion to rehash their disputes about the arbitration award, Plaintiffs' main argument for sanctions is that because Defendant "does not come remotely close to producing any facts or law which would support vacating the award, this Court can only conclude that the Counterpetition to vacate is being presented for an improper [and sanctionable] purpose." ECF No. 10-1 at 3. Plaintiffs are wrong that this is the only conclusion that the Court can draw from Defendant's Counterpetition and Cross-Motion.

Applying "an objective standard of reasonableness under the circumstances," *Pensiero*, 847 F.2d at 94, the Court does not find that Defendant's filings are sanctionable. Defendant believes that the arbitration award should be vacated or modified because of several putative errors committed by the Panel. Plaintiffs believe that Defendant's request for vacatur or modification of the award amounts to frivolous argument and is therefore sanctionable conduct. The Court declines to adopt either belief. Although, for reasons stated above, Defendant Berezofsky's arguments are legally unavailing, she had every right to make them and doing so was reasonable under the circumstances. Indeed, the irony is not lost on this Court that one Plaintiff moving for

sanctions here appeared to make similar arguments in a prior arbitration matter arising out of the same Dissolution Agreement when he sought to vacate or modify an award unfavorable to him. *See Cuker v. Berezofsky*, 2019 WL 689592 (E.D. Pa. Feb. 19, 2019). For largely the same reasons that those arguments were not sanctionable then, Defendant's arguments are not sanctionable now.

This Court also notes that Rule 11 contains a safe harbor provision, according to which a sanctions motion "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). "If the movant fails to provide the twenty-one day grace period, 'the motion must be denied [because the] purpose of the safe harbor is to give parties the opportunity to correct their errors.'" *Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 401 (E.D. Pa. 2014) (quoting *In re Schaefer Salt Recov., Inc.* 542 F.3d 90, 99 (3d Cir. 2008)). Nothing in the record suggests that Plaintiffs complied with Rule 11's safe-harbor provision. Failure to comply with the safe-harbor provision is an independent reason to deny Plaintiffs' motion for sanctions.

### IV.   CONCLUSION

The Parties here—three experienced lawyers—surely appreciate that the Dissolution Agreement in general and its dispute resolution provision in particular are contractual creatures of their own making, something for which all three bargained and to which all three agreed. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013) ("It is the arbitrator's construction [of the contract] which was bargained for . . . The arbitrator's construction holds, however good, bad, or ugly. In sum, [the litigant] chose arbitration, and it must now live with that choice."). In choosing to arbitrate their disputes, the Parties have assented to the findings of the arbitrators, even if they strongly dislike those findings. Accordingly, and for reasons stated above, this Court denies

Defendant Berezofsky's motion to vacate or modify the arbitration award and grants Plaintiffs Cuker and William's motion to confirm the final arbitration award and constituting judgment in this matter.  This Court denies Plaintiffs' motion for sanctions.

An appropriate Order will be entered.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge