IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARK R. CUKER AND GERALD J. WILLIAMS,<br>　　　　*Plaintiffs,* | : <br> : <br> : <br> : |  |
| v. | : | CIVIL NO. 24-0471 |
|  | : |  |
| ESTHER E. BEREZOFSKY,<br>　　　　*Defendant.* | : <br> : <br> : |  |

Scott, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MAY 1, 2025

## MEMORANDUM

Plaintiffs Mark R. Cuker and Gerald J. Williams move this Court to amend its prior judgment confirming an arbitration award to include pre- and post-judgment interest for their portions of the arbitration award. Defendant Esther E. Berezofsky does not oppose Plaintiffs' motion and also cross-moves the court to enter pre- and post-judgment interest for her portions of the arbitration award. Plaintiffs object to Defendant's cross-motion, arguing that she is not entitled to any such interest.

For reasons stated below, the Court grants in part and denies in part Plaintiffs' motion and grants Defendant's cross-motion.

1

## I. Background and Procedural Posture

On January 30, 2024, an arbitration panel issued a three-page award letter to the Parties that explained the final arbitration award related to a series of disputes that arose from the Parties' Dissolution Agreement. ECF No. 1, Ex. A (final arbitration award letter). On March 18, 2025, this Court entered an order and judgment confirming the arbitration award. ECF No. 17. The Court's order did not address whether, and to what extent, any of the Parties were entitled to either pre- or post-judgment interest.

On March 19, 2025, Plaintiffs moved this Court to amend its prior judgment to include (i) pre-judgment interest for the period between January 30, 2024 and March 18, 2025 and (ii) post-judgment interest from March 18, 2025 onward. ECF No. 18. On April 1, 2025, Defendant filed a cross-motion, asking the Court to amend its prior judgment to provide Defendant with the same forms of interest that Plaintiffs seek. ECF No. 19. On April 10, 2025, Plaintiffs filed a response in opposition to Defendant's cross-motion. ECF No. 25.

## II. Discussion

A. Pre-Judgment Interest

Under Pennsylvania law—which governs the dispute here—"a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment if the judgment is not entered upon a verdict or award." 42 Pa.C.S.A. § 8101. For arbitration awards, "p[re]-judgement interest begins to run from the date of the award." *InterDigital Commc'ns. Corp. v. Fed. Ins. Co.*, 607 F. Supp. 2d 718, 721 (E.D. Pa. 2009) (also collecting cases); *see also Rhino Servs., LLC v. DeAngelo Contracting Servs., LLC*, 2023 WL 5186254, at *6 (E.D. Pa. Aug. 11, 2023) (discussing pre-judgment interest on arbitration awards

2

governed by Pennsylvania law).[1] Under Pennsylvania law, the applicable interest rate is six percent per annum. 41 P.S. § 202.

### 1. Plaintiffs Are Entitled To Pre-Judgment Interest

Plaintiffs seek pre-judgment interest from January 30, 2024 (the date of the arbitration award) through March 18, 2025 (the date of the Court's order and judgment confirming the arbitration award), which totals 412 days. Defendant states that she "agrees with and adopts the legal argument set forth in [Plaintiffs'] motion." ECF No. 19-1 at 2. Accordingly, Plaintiffs are entitled, under § 8101, to pre-judgment interest for the 412 days. At six percent annually for an award of $341,008.17, Plaintiffs are entitled to pre-judgment interest in the amount of $23,096.72. Summing the pre-judgment interest to the original award amount makes Plaintiffs' total award $364,104.89.

### 2. Defendant Is Entitled To Pre-Judgment Interest

Defendant also seeks pre-judgment interest for her arbitration award of $33,333.33, adopting the same legal and statutory arguments as Plaintiffs. ECF No. 19-1 at 2. Plaintiffs make two arguments in opposition to Defendant receiving such interest. First, Plaintiffs argue that, although Defendant received $33,333.33 from arbitration, Defendant was not "awarded" this sum by the arbitration panel. ECF No. 25-1 at 1. And because Defendant received no award, she is not entitled to any interest thereon. *Id.* at 2-3. Second, Plaintiffs argue that Defendant is not entitled to any interest from her share because Defendant's refusal to permit the Benicar fee committee to release the funds and Defendant's motion to vacate or modify the award were the reasons for the accrual of interest in the first place. *See, e.g.*, ECF No. 25 at 1. Consequently,

---

[1] Although some courts refer to this interest as "post-judgment interest" when referring to the judgment post-arbitration proceedings, for purposes of clarity the Court anchors its discussion from its prior judgment and order confirming the arbitration award. ECF No. 17. Therefore, "pre-judgment interest" in this Opinion refers to any interest that accrued before the Court's prior judgment and order on March 18, 2025; "post-judgment interest" refers to any interest that accrues after that date.

Plaintiffs reason that Defendant should not receive "interest on money she withheld from herself." ECF No. 25-1 at 3.

Neither argument convinces the Court. Plaintiffs' first argument is too technical. Although Plaintiffs are correct that the arbitration panel did not explicitly describe the Benicar money allotted to Defendant as an "award" *per se*, the Court holds that the most reasonable interpretation of the award letter is to construe both the money received by Plaintiffs and by Defendant as separate awards. *See Hall v. Nationwide Mut. Ins. Co.*, 629 A.2d 954, 956 (Pa. 1993) (holding that trial courts are permitted to give a reasonable interpretation of an arbitration award letter); *accord Saluck v. Rosner*, 2002 WL 24428 at *2 (E.D. Pa. Jan. 8, 2002) ("[T]he Court only needs to enter judgment based on a reasonable interpretation of the [arbitration] [a]ward."). Both Parties made claims for the Benicar fees, and the arbitration panel gave some portion of those fees to Plaintiffs and some portion to Defendant. ECF No. 31-1, Ex. A ¶ 95. Just because the Panel opted to divide the award in a manner that granted more to Plaintiffs and less to Defendant does not entail Plaintiffs' conclusion that Defendant received no award at all.

The substance of the letter confirms the Court's interpretation. The title of the award letter ("AWARD OF THE ARBITRATORS") and the last clause of the first sentence of the letter ("the Panel enters this FINAL AWARD") indicate that the numbered paragraphs comprise the entirety of the award, including ¶ 2 that contains the allotment of Benicar fees to both Plaintiffs and Defendant. ECF No. 1, Ex. A (arbitration award letter). Because the Court interprets the arbitration award letter to confer awards to both Plaintiffs and Defendant, Plaintiffs' first argument fails.

Plaintiffs' second argument effectively seeks to penalize Defendant for exercising her legal rights. As the Court has already stated when denying Plaintiffs' motion for sanctions, Defendant

Berezofsky "had every right to make [the arguments for vacating or modifying the arbitration award] and doing so was reasonable under the circumstances." ECF No. 17 at 10. Additionally, "awarding interest is not a reward, but merely ensures that a money judgment will be worth the same when received as when it was awarded." *Rhino Servs. LLC*, 2023 WL 5186254, at *5 (citing *Christian v. Joseph*, 15 F.3d 296, 298 (3d. Cir. 1994)). Moreover, the Court agrees with Defendant's point that it is not just Defendant Berezofsky who is responsible for the delay in distribution of the Benicar funds. *See* ECF No. 31 at 2-3. Each party rejected the other's proposed distribution of the Benicar funds, and the mutual rejection led to the arbitration proceedings that Defendant reasonably sought to vacate or modify. Consequently, Plaintiffs' second argument also fails.

The Court interprets the arbitration award letter to confer awards to both Plaintiffs and to Defendant, and the Court rejects Plaintiffs' arguments in opposition to Defendant's cross-motion to alter judgment. Like Plaintiffs, Defendant is also entitled to post-judgment interest for the same 412-day timespan under 42 Pa.C.S.A § 8101. At six percent annually for an award of $33,333.33, Defendant is entitled to pre-judgment interest in the amount of $2,257.76. Summing the pre-judgment interest to the original award amount makes Defendant's total award $35,591.09.

B. Post-Judgment Interest

Post-judgment interest begins to accrue after an arbitration award is confirmed as a judgment. Pursuant to 28 U.S.C. § 1961(a), the interest rate "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *See also Rhino Servs. LLC*, 2023 WL 5186254, at *7 (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)).

1. Plaintiffs And Defendant Are Each Entitled To Post-Judgment Interest

For largely the same reasons that the Court grants pre-judgment interest to both Parties, the Court also grants post-judgment interest to both Parties. The Parties agree that the proper interest rate is 4.09 percent per day for post-judgment interest under § 1961(a). ECF No. 18-1 at 3; ECF No. 19-1 at 2. Plaintiffs are entitled to post-judgment interest in the amount of 4.09 percent per day on an award of $364,104.89, which is equal to an accrual of interest at the rate of $40.80 per day. Defendant is entitled to post-judgment interest in the amount of 4.09 percent per day on an award of $35,591.09, which is equal to an accrual of interest at the rate of $4.78 per day.

C. Plaintiffs Are Not Entitled To Any Cost Shifting

Plaintiffs' motion includes a sentence that suggests they are entitled to recover costs in the amount of $405 used to initiate this action. ECF No. 18-1 at 2 ("In addition, Petitioners incurred court costs of $405 to initiate this action to confirm the award . . ."). Plaintiffs cite no legal authority in support of this putative entitlement and provide no argument as to why the Court should grant their request.[2]

Why do Plaintiffs fail to cite any legal authority here? Likely because none exists. Indeed, Third Circuit case law squarely contradicts Plaintiffs' position. In *Davison Design & Development Inc. v. Frison*, 815 Fed. Appx. 659 (3d Cir. 2020), the Third Circuit held that fee-shifting in actions brought under the Federal Arbitration Act is impermissible unless the Parties contracted around the "American Rule." *Id.* at 660-61. As Plaintiffs should know, "[u]nder the 'American Rule,' each party bears its own attorneys' fees [and related costs] unless a statute or contract provides otherwise." *Id.* at 660 (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010)). Nothing in Plaintiffs' briefing and nothing in this Court's review of the record suggest

---

[2] Plaintiffs include this $405 in the calculation of their post-judgment interest. ECF No. 18-1 at 2. Because Plaintiffs' inclusion of this $405 is unwarranted, the Court excludes it in the calculation of Plaintiffs' post-judgment interest.

that the Parties contracted around the American Rule or that Plaintiffs are otherwise entitled to have Defendant pay their court costs.

Plaintiffs' argument also fails as a matter of logic. Plaintiffs initiated this action themselves by filing a motion to confirm the arbitration award (ECF No. 1), and they would have had to have done so regardless of whether Defendant voiced her opposition during arbitration and regardless of whether Defendant chose to file a motion to vacate or modify the arbitration award. Therefore, Plaintiffs are wrong to the extent they believe that Defendant's conduct is somehow responsible for the $405 that they spent in commencing this action.

To the extent Plaintiffs' motion seeks to shift the $405 in filing costs, the motion is denied. The Court also takes this moment to sternly remind the Parties that Federal Rule of Civil Procedure 11 obligates them to certify that their filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)-(2). Failure to abide by Rule 11 may result in sanctions.

### III. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion to alter judgment. The Court grants Defendant's cross-motion.

An appropriate order will be entered.