IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARK R. CUKER AND GERALD J. WILLIAMS, *Plaintiffs*, | : <br> : <br> : <br> : |
| v. | : CIVIL NO. 24-0471 <br> : |
| ESTHER E. BEREZOFSKY, *Defendant.* | : <br> : <br> : <br> : |

Scott, J.                                                                                                       May 1, 2025

## MEMORANDUM

Defendant Esther E. Berezofsky moves this Court to stay the execution of the monetary judgment while either waiving any bond requirement or reducing any such bond requirement. ECF No. 30. For reasons stated below, the Court grants in part and denies in part Defendant's motion.

### I.    Background

On March 18, 2025, the Court entered an order confirming the final arbitration award. ECF No. 17. On April 8, 2025, Defendant Berezofsky filed a notice that she is appealing the Court's order confirming the arbitration award. ECF No. 20. On April 30, 2025, Defendant Berezofsky moved the Court to stay the execution of the judgment pending appeal and requesting a waiver or reduction of a supersedeas bond pursuant to Fed. R. Civ. P. 62(b). ECF No. 30.

1

## II. Discussion

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Although Rule 62 permits a party to post a form of security other than a bond, "the 'other security' must still provide assurances that the judgment will be paid in full." *State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc.*, 586 F. Supp. 3d 328, 330 (E.D. Pa. 2022) (citing *Richardson v. Prison Transp. Servs. of Am.*, 2019 WL 1003624, at *2 (M.D. Pa. Feb. 27, 2019)).

District courts have discretion regarding whether to waive or modify the bond requirement. *In re Diet Drugs*, 582 F.3d 524, 552 (3d Cir. 2009); *see also Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 2010 WL 1329050, at *1, n.2 (M.D. Pa. Mar. 29, 2010); *Sandoz Inc. v. United Theraputics Corp.*, 2024 WL 5003130, at *2 (D.N.J. Dec. 6, 2024). District courts in the Third Circuit often rely on the so-called *Dillon* factors to guide their exercise of discretion. *See, e.g.*, *Arlington Indus.*, 2010 WL 1329050 at *1, n.2 (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)). The *Dillon* factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904-05 (cleaned up).

Under the Court's current order and judgment, Plaintiffs Cuker and Williams are due $364,106.89 from the arbitration award, and $167,500.00 of that award is currently held by a qualified settlement fund administrator as part of the Benicar dispute that was subject to arbitration between the Parties. ECF Nos. 17, 33; ECF No. 30-1 at 7. Additionally, Defendant Berezofsky

argues that Plaintiffs are "holding in excess of $160,365.20 in funds due Berezofsky" related to the Hoosick Falls matter. ECF No. 30-1 at 8. According to Defendant, the existence of these funds should allow the Court to rest easy and waive any bond requirement.

The Court does not rest easy. Defendant's continued reliance on the Hoosick Falls matter—which this Court has previously held was not properly before it in its prior memorandum and order confirming the arbitration award—is unconvincing. ECF No. 16 at 9-10 ("And it is clear that Hoosick Falls did not affect the outcome of the award because the [Arbitration] Panel stated that the Hoosick Falls dispute was not before it."); ECF 30-1 at 11. Defendant's view is that Plaintiffs are holding money due to her in the Hoosick Falls matter, and the Court should reduce the bond in the instant case by the amount being held by Plaintiffs. It is clear from the record and from the Parties' conduct in this action that the allocation of funds arising in the Hoosick Falls matter will most likely be subject to extensive argument and vigorous dispute. As a result, this Court places little stock in Defendant's argument that those funds are proper security for the judgment in the instant action because it remains to be seen to whom those funds are properly due.

Defendant also argues that Plaintiffs Cuker and Williams bear the burden of showing that they lack adequate security, and, absent such a showing, Defendant Berezofsky should not be required to post bond. *Id.* at 12. But that consideration is not a *Dillon* factor and makes just as little sense as Defendant's previous argument. Defendant wishes to rely on funds to which she believes she is entitled as security to cover the instant judgment. She may ultimately be correct that she is due those funds, but the Court at this stage has no way of assessing the accuracy of that belief. Accordingly, such proclamations of entitlement without any clear and convincing evidence do not instill confidence in this Court regarding the availability of funds to pay the judgment. This

Court's judgment, informed by the *Dillon* factors, is not in favor of waiving any bond to stay the enforcement of judgment.

The Court does, however, agree with Defendant's point that any bond requirement can be reduced by the $167,500 being held by a qualified settlement fund advisor. Because the Benicar money is already being held there, it does not add complexity to the collection process. Nor will it prolong any collection after Defendant's appeal has run its course. Accordingly, Defendant Berezofsky may stay execution of the judgment pending appeal upon posting a bond of $196,606.89.[1]

### III. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendant's motion. ECF No. 30. An appropriate order will be entered.

---

[1] The Court arrived at this figure by subtracting the $167,500 being held in the Benicar fund from the total judgment in Plaintiffs' favor of $364,106.89.